**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AARON B. ZARKOWSKY, | ) |
| and CYNTHIA ZARKOWSKY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| MARLETTE FUNDING, LLC, doing | ) |
| business as BESTEGG; | ) |
| FINMKT, INC., doing business as | ) |
| LENDVIOUS; and | ) |
| LENDINGCLUB CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1.     Plaintiffs bring this action for the unauthorized issuance of an open-end credit account, improper transfers from plaintiffs' bank account and the reporting of the account as valid on plaintiffs' credit reports.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction), 15 U.S.C. §1681p (Fair Credit Reporting Act), 15 U.S.C. §1640 (Truth in Lending Act), and 15 U.S.C. §1693m (Electronic Funds Transfer Act).

3.     Venue in this District is proper because each defendant is subject to jurisdiction here.

## PARTIES

4.      Plaintiffs are residents of Buffalo Grove, Illinois.

5.      Defendant Marlette Funding, LLC, doing business as BestEgg, is a limited liability company with offices at 1523 Concord Pike, Suite 201, Wilmington, DE 19803.

6.      Defendant FinMkt, Inc., is a corporation with offices at 222 5th Ave, 5th Floor, New York, NY 10001.   It operates an online portal for arranging loans under the name Lendvious.

7.      Defendant LendingClub Corporation is a Delaware corporation with principal offices in California.  It does business in Illinois.  Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

8.      Defendant LendingClub Corporation regularly extends credit to consumers for personal, family or household purposes.

## FACTS

9.      Within the last year, plaintiff Aaron Zarkowsky received a mailer from BestEgg offering a credit card consolidation loan.  (Exhibit A)

10.      Plaintiffs were interested in obtaining such a loan for personal, family or household purposes, namely consolidation of credit card debt incurred for personal, family or household purposes.

11.      Plaintiffs applied over the Internet as instructed in the mailer.

12.      Plaintiffs were directed to the Lendvious site.

13.      Plaintiffs initially filled out brief information for a loan from LendingClub Corporation.

14.     Plaintiffs received a notification from the portal that the loan was not approved.

15.     Plaintiffs were then invited by the portal to apply for a loan from Freedom Plus and several other lenders at higher rates

16.     Plaintiffs filled out detailed information for the Freedom Plus loan.  That loan was approved.

17.     Plaintiffs received denials of the other loans.  (Exhibit B)

18.     Plaintiffs electronically signed loan documents for a $40,000 Freedom Plus loan and the loan was disbursed to the credit card companies.  (Exhibit C)

19.     Plaintiffs did not sign loan documents with LendingClub Corporation, had no idea that LendingClub Corporation was lending them money, and did not consent in writing (or otherwise) to LendingClub Corporation debiting their bank account for any reason.

20.     Plaintiffs did not sign loan documents with any of the lenders other than Freedom Plus.

21.     Even though plaintiffs did not sign any loan documents with LendingClub Corporation, LendingClub opened a loan account for plaintiffs, without their  knowledge or consent.

22.      The information plaintiffs had inputted into the portal included plaintiffs' banking information, allowing the portal or person  to set up repayment via debit from plaintiffs' bank account, without plaintiffs' knowledge or consent.

23.     The bank account was a joint consumer purpose account.

24.     Plaintiffs first became aware of this when their credit card companies reported and returned duplicate payments, without identifying the source.  Plaintiffs realized that

LendingClub had opened an account for them only when LendingClub debited their bank account in April 2019.

25.     Plaintiffs offered to return the money to LendingClub Corporation, but LendingClub Corporation refused to accept it without payment of fees or "points" of at least $4,000.

26.     Plaintiffs also saw LendingClub Corporation debits on their bank statement. Plaintiffs stopped the debits, but not before some of their money had been taken.

27.     LendingClub Corporation claimed that it had been authorized to present recurring electronic debits to plaintiffs' bank account.

28.     Plaintiffs did not receive Truth in Lending disclosures from LendingClub Corporation.

29.     On April 18, 2019, plaintiff Aaron Zarkowsky sent the letter attached as Exhibit D to LendingClub Corporation.

30.     Plaintiffs did not receive the applications, loan documents, disclosures and other documents requested.

31.     Plaintiff Aaron Zarkowsky thereafter learned that LendingClub Corporation was reporting the account as a valid and authorized debt to one or more credit bureaus.

32.     On May 2, 2019 and May 6, 2019, plaintiff Aaron Zarkowsky, by counsel, wrote to the credit bureaus informing them that the account was fraudulent and demanding its deletion. (Exhibits E-F)

33.     On information and belief, the credit bureaus contacted LendingClub Corporation in response to plaintiff's disputes.

34. On information and belief, based on the responses of the credit bureaus, LendingClub Corporation responded to the inquiries of the credit bureaus by stating that the account was valid.

35. Plaintiffs were damaged as a result.

## COUNT I – ELECTRONIC FUNDS TRANSFER ACT

36. Plaintiffs incorporate ¶¶1-35.

37. This claim is against LendingClub Corporation.

38. LendingClub Corporation claimed the right to present recurring debits to plaintiffs' bank account. Such debits were a "preauthorized electronic funds transfers" as defined in 15 U.S.C. §1693a(10)" "the term 'preauthorized electronic fund transfer' means an electronic fund transfer authorized in advance to recur at substantially regular intervals".

39. LendingClub Corporation presented recurring debits to plaintiffs' bank without written authorization for doing so, in violation of 15 U.S.C. §1693e.

40. Section 1693e, "Preauthorized transfers," provides:

**(a) A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made. A consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer. The financial institution may require written confirmation to be provided to it within fourteen days of an oral notification if, when the oral notification is made, the consumer is advised of such requirement and the address to which such confirmation should be sent.**

**(b) In the case of preauthorized transfers from a consumer's account to the same person which may vary in amount, the financial institution or designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Bureau, of the amount to be transferred and the scheduled date of the transfer.**

41. Had such authority been requested, plaintiffs would have been immediately alerted that LendingClub Corporation claimed to have a loan agreement with plaintiffs.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant LendingClub Corporation for:

      i.      Statutory damages as provided in 15 U.S.C. §1693m;

      ii.      Actual damages;

      iii.      Attorney's fees, litigation expenses and costs of suit;

      iv.      Such other or further relief as the Court deems proper.

### COUNT II – FAIR CREDIT REPORTING ACT

42. Plaintiff Aaron Zarkowsky incorporates ¶¶1-35.

43. LendingClub Corporation violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by:

      a.      Failing to reasonably investigate plaintiff's dispute when the credit bureaus contacted it in response to plaintiff's dispute;

      b.      Providing false information to the credit bureaus;

44. Among other things, LendingClub Corporation refused or failed to provide the account documents to plaintiff so that he could see how the account was opened.

45. Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

**(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**

**(A) conduct an investigation with respect to the disputed information;**

**(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**

**(C) report the results of the investigation to the consumer reporting agency; and**

**(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**

**(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

46.     LendingClub Corporation committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

47.     Section 1681n provides:

**§1681n.  Civil liability for willful noncompliance**

**(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1)**

**(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

**(2) such amount of punitive damages as the court may allow; and**

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

48.     Section 1681o provides:

**§1681o.  Civil liability for negligent noncompliance**

**(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of—**

**(1) any actual damages sustained by the consumer as a result of the failure;**

**(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

WHEREFORE, plaintiffs request that the Court enter judgement in their favor against

defendant LendingClub Corporation for:

i.      Appropriate actual, punitive and statutory damages;

ii.     Attorney's fees, litigation expenses and costs of suit;

iii.    Such other or further relief as the Court deems proper.

## COUNT III  – ILLINOIS CONSUMER FRAUD ACT

49.     Plaintiffs incorporate ¶¶1-35

50.     This claim is against all defendants.

51.     Defendants engaged in unfair and deceptive acts and practices, in

violation of 815 ILCS 505/2, by:

a.      Opening a credit account in plaintiffs' name without their applying for it;

b.      Treating such account as a valid account;

-8-

c.    Refusing to cancel such account;

d.    Taking plaintiffs' money without compliance with the Electronic Fund Transfer Act.

52.    Lendvious engaged in unfair and deceptive acts and practices by permitting unauthorized use of the information which plaintiffs inputted to its portal.

WHEREFORE, plaintiffs request that the Court enter judgment in their favor and against defendants for:

i.    Appropriate actual and punitive damages;

ii.    Attorney's fees, litigation expenses and costs of suit;

iii.    Such other or further relief as the Court deems proper.

## <u>COUNT IV – DECLARATORY JUDGMENT</u>

53.    Plaintiffs incorporate ¶¶1-35

54.    This claim is against defendant LendingClub Corporation.

55.    There is a controversy between plaintiffs and defendant LendingClub Corporation as to whether a contract exists between the parties.

56.    A declaratory judgment is necessary and appropriate to resolve such controversy.

WHEREFORE, plaintiffs request that the Court enter judgment in their favor and against defendant LendingClub Corporation for:

i.    A judgment declaring that no contract exists between the parties, and that plaintiffs' owe Lendingclub no fees or interest.

ii.    Costs of suit;

iii.    Such other or further relief as the Court deems proper.

## COUNT V – TRUTH IN LENDING ACT

57.     Plaintiffs incorporate ¶¶1-35.

58.     This claim is against LendingClub Corporation and is alternative to Counts II and

IV.

59.     LendingClub Corporation failed to make the disclosures required by 15 U.S.C.

§1637 and 12 C.F.R. §1026.17.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant

LendingClub Corporation for:

       i.     Statutory damages as provided in 15 U.S.C. §1640;

      ii.     Actual damages;

    iii.     Attorney's fees, litigation expenses and costs of suit;

    iv.     Such other or further relief as the Court deems proper.


           /s/ Daniel A. Edelman
           Daniel A. Edelman


Daniel A. Edelman
Tara L. Goodwin
David Kim
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


<u>/s/ Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\36100\Pleading\Complaint 6-17-19_Pleading.WPD

-11-

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AARON B. ZARKOWSKY, and CYNTHIA ZARKOWSKY, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| MARLETTE FUNDING, LLC, doing business as BESTEGG; FINMKT, INC., doing business as LENDVIOUS; and LENDINGCLUB CORPORATION, | ) ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

1.     Plaintiffs bring this action for the unauthorized issuance of an open-end credit account, improper transfers from plaintiffs' bank account and the reporting of the account as valid on plaintiffs' credit reports.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction), 15 U.S.C. §1681p (Fair Credit Reporting Act), 15 U.S.C. §1640 (Truth in Lending Act), and 15 U.S.C. §1693m (Electronic Funds Transfer Act).

3.     Venue in this District is proper because each defendant is subject to jurisdiction here.

-1-

## PARTIES

4.      Plaintiffs are residents of Buffalo Grove, Illinois.

5.      Defendant Marlette Funding, LLC, doing business as BestEgg, is a limited liability company with offices at 1523 Concord Pike, Suite 201, Wilmington, DE 19803.

6.      Defendant FinMkt, Inc., is a corporation with offices at 222 5th Ave, 5th Floor, New York, NY 10001.   It operates an online portal for arranging loans under the name Lendvious.

7.      Defendant LendingClub Corporation is a Delaware corporation with principal offices in California.  It does business in Illinois.  Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

8.      Defendant LendingClub Corporation regularly extends credit to consumers for personal, family or household purposes.

## FACTS

9.      Within the last year, plaintiff Aaron Zarkowsky received a mailer from BestEgg offering a credit card consolidation loan.  (Exhibit A)

10.      Plaintiffs were interested in obtaining such a loan for personal, family or household purposes, namely consolidation of credit card debt incurred for personal, family or household purposes.

11.      Plaintiffs applied over the Internet as instructed in the mailer.

12.      Plaintiffs were directed to the Lendvious site.

13.      Plaintiffs initially filled out brief information for a loan from LendingClub Corporation.

-2-

14.     Plaintiffs received a notification from the portal that the loan was not approved.

15.     Plaintiffs were then invited by the portal to apply for a loan from Freedom Plus and several other lenders at higher rates

16.     Plaintiffs filled out detailed information for the Freedom Plus loan.  That loan was approved.

17.     Plaintiffs received denials of the other loans.  (Exhibit B)

18.     Plaintiffs electronically signed loan documents for a $40,000 Freedom Plus loan and the loan was disbursed to the credit card companies.  (Exhibit C)

19.     Plaintiffs did not sign loan documents with LendingClub Corporation, had no idea that LendingClub Corporation was lending them money, and did not consent in writing (or otherwise) to LendingClub Corporation debiting their bank account for any reason.

20.     Plaintiffs did not sign loan documents with any of the lenders other than Freedom Plus.

21.     Even though plaintiffs did not sign any loan documents with LendingClub Corporation, LendingClub opened a loan account for plaintiffs, without their  knowledge or consent.

22.      The information plaintiffs had inputted into the portal included plaintiffs' banking information, allowing the portal or person  to set up repayment via debit from plaintiffs' bank account, without plaintiffs' knowledge or consent.

23.     The bank account was a joint consumer purpose account.

24.     Plaintiffs first became aware of this when their credit card companies reported and returned duplicate payments, without identifying the source.  Plaintiffs realized that

LendingClub had opened an account for them only when LendingClub debited their bank account in April 2019.

25.     Plaintiffs offered to return the money to LendingClub Corporation, but LendingClub Corporation refused to accept it without payment of fees or "points" of at least $4,000.

26.     Plaintiffs also saw LendingClub Corporation debits on their bank statement. Plaintiffs stopped the debits, but not before some of their money had been taken.

27.     LendingClub Corporation claimed that it had been authorized to present recurring electronic debits to plaintiffs' bank account.

28.     Plaintiffs did not receive Truth in Lending disclosures from LendingClub Corporation.

29.     On April 18, 2019, plaintiff Aaron Zarkowsky sent the letter attached as Exhibit D to LendingClub Corporation.

30.     Plaintiffs did not receive the applications, loan documents, disclosures and other documents requested.

31.     Plaintiff Aaron Zarkowsky thereafter learned that LendingClub Corporation was reporting the account as a valid and authorized debt to one or more credit bureaus.

32.     On May 2, 2019 and May 6, 2019, plaintiff Aaron Zarkowsky, by counsel, wrote to the credit bureaus informing them that the account was fraudulent and demanding its deletion. (Exhibits E-F)

33.     On information and belief, the credit bureaus contacted LendingClub Corporation in response to plaintiff's disputes.

-4-

34. On information and belief, based on the responses of the credit bureaus, LendingClub Corporation responded to the inquiries of the credit bureaus by stating that the account was valid.

35. Plaintiffs were damaged as a result.

## COUNT I – ELECTRONIC FUNDS TRANSFER ACT

36. Plaintiffs incorporate ¶¶1-35.

37. This claim is against LendingClub Corporation.

38. LendingClub Corporation claimed the right to present recurring debits to plaintiffs' bank account. Such debits were a "preauthorized electronic funds transfers" as defined in 15 U.S.C. §1693a(10)" "the term 'preauthorized electronic fund transfer' means an electronic fund transfer authorized in advance to recur at substantially regular intervals".

39. LendingClub Corporation presented recurring debits to plaintiffs' bank without written authorization for doing so, in violation of 15 U.S.C. §1693e.

40. Section 1693e, "Preauthorized transfers," provides:

**(a) A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made. A consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer. The financial institution may require written confirmation to be provided to it within fourteen days of an oral notification if, when the oral notification is made, the consumer is advised of such requirement and the address to which such confirmation should be sent.**

**(b) In the case of preauthorized transfers from a consumer's account to the same person which may vary in amount, the financial institution or designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Bureau, of the amount to be transferred and the scheduled date of the transfer.**

41.     Had such authority been requested, plaintiffs would have been immediately alerted that LendingClub Corporation claimed to have a loan agreement with plaintiffs.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant LendingClub Corporation for:

>   i.      Statutory damages as provided in 15 U.S.C. §1693m;
>
>   ii.     Actual damages;
>
>   iii.    Attorney's fees, litigation expenses and costs of suit;
>
>   iv.     Such other or further relief as the Court deems proper.

### COUNT II – FAIR CREDIT REPORTING ACT

42.     Plaintiff Aaron Zarkowsky incorporates ¶¶1-35.

43.     LendingClub Corporation violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by:

>   a.      Failing to reasonably investigate plaintiff's dispute when the credit bureaus contacted it in response to plaintiff's dispute;
>
>   b.      Providing false information to the credit bureaus;

44.     Among other things, LendingClub Corporation refused or failed to provide the account documents to plaintiff so that he could see how the account was opened.

45.     Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

> **(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**

**(A) conduct an investigation with respect to the disputed information;**

**(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**

**(C) report the results of the investigation to the consumer reporting agency; and**

**(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**

**(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

46.     LendingClub Corporation committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

47.     Section 1681n provides:

**§1681n.  Civil liability for willful noncompliance**

**(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1)**

**(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

**(2) such amount of punitive damages as the court may allow; and**

-7-

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

48.     Section 1681o provides:

**§1681o.  Civil liability for negligent noncompliance**

**(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1) any actual damages sustained by the consumer as a result of the failure;**

**(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against

LendingClub Corporation for:

i.      Appropriate actual, punitive and statutory damages;

ii.     Attorney's fees, litigation expenses and costs of suit;

iii.    Such other or further relief as the Court deems proper.

## COUNT III  – ILLINOIS CONSUMER FRAUD ACT

49.     Plaintiffs incorporate ¶¶1-35

50.     This claim is against all defendants.

51.     Defendants engaged in unfair and deceptive acts and practices, in

violation of 815 ILCS 505/2, by:

a.      Opening a credit account in plaintiffs' name without their applying for it;

b.      Treating such account as a valid account;

    c.      Refusing to cancel such account;

    d.      Taking plaintiffs' money without compliance with the Electronic Fund Transfer Act.

52.    Lendvious engaged in unfair and deceptive acts and practices by permitting unauthorized use of the information which plaintiffs inputted to its portal.

WHEREFORE, plaintiffs request that the Court enter judgment in their favor and against defendants for:

    i.      Appropriate actual and punitive damages;

    ii.     Attorney's fees, litigation expenses and costs of suit;

    iii.    Such other or further relief as the Court deems proper.

## COUNT IV – DECLARATORY JUDGMENT

53.    Plaintiffs incorporate ¶¶1-35

54.    This claim is against defendant LendingClub Corporation.

55.    There is a controversy between plaintiffs and defendant LendingClub Corporation as to whether a contract exists between the parties.

56.    A declaratory judgment is necessary and appropriate to resolve such controversy.

WHEREFORE, plaintiffs request that the Court enter judgment in their favor and against defendant LendingClub Corporation for:

    i.      A judgment declaring that no contract exists between the parties, and that plaintiffs' owe Lendingclub no fees or interest.

    ii.     Costs of suit;

    iii.    Such other or further relief as the Court deems proper.

## COUNT V – TRUTH IN LENDING ACT

57.     Plaintiffs incorporate ¶¶1-35.

58.     This claim is against LendingClub Corporation and is alternative to Counts II and

IV.

59.     LendingClub Corporation failed to make the disclosures required by 15 U.S.C.

§1637 and 12 C.F.R. §1026.17.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant

LendingClub Corporation for:

    i.      Statutory damages as provided in 15 U.S.C. §1640;

    ii.     Actual damages;

    iii.    Attorney's fees, litigation expenses and costs of suit;

    iv.     Such other or further relief as the Court deems proper.


                                /s/ Daniel A. Edelman
                                Daniel A. Edelman


Daniel A. Edelman
Tara L. Goodwin
David Kim
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


<u>/s/ Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**EXHIBIT A**





**<u>EXHIBIT B</u>**

REDACTED

From:support@prosper.com<mailto:support@prosper.com>
Date: March 21, 2019 at 10:31:16 PM CDT
To:
Subject:Information about your loan request through Prosper

[Prosper]<https://www.prosper.com?utm_medium=email&utm_campaign=system_event&utm_source=&utm_content=logo_header>

Information about your loan request through Prosper
03/21/2019

Dear AARON,

Thank you for applying for a WebBank loan through Prosper. Prosper is providing this notification to you on behalf of WebBank, member FDIC. Your recent request for a WebBank loan through Prosper exceeds the amount that you qualify for based on your FICO®08 score and Prosper Score. You were presented with a counteroffer for a lower loan amount during the application process that you did not accept and that has now expired.

WebBank uses a credit scoring system that assigns a numerical value to the various items of information considered in evaluating a loan request. These numerical values are based upon the results of analyses of repayment histories of large numbers of consumers. The information you provided resulted in credit scores that were below the minimums needed to post this listing. The reasons you did not score well compared with other applicants are:

* Abnormal pattern of balance activity on non-mortgage trades over the last 24 months
* Ratio between current month's non-mortgage balance and non-mortgage balance three months earlier is too high.
* Derogatory public record or collection filed
* Proportion of balances to credit limits is too high on bank revolving or other revolving accounts

In evaluating your application, WebBank also obtained information in a report from TransUnion, a consumer reporting agency, and used it in whole or in part in making your credit decision. TransUnion played no part in the decision and is unable to supply specific reasons why your loan request was not accepted. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at TransUnion. You also have a right to a free copy of your report from TransUnion, if you request it no later than 60 days after you receive this notice. It can be obtained by contacting TransUnion atwww.TransUnion.com<http://www.TransUnion.com>, TransUnion LLC, P.O. Box 1000, Chester, PA 19022, toll-free telephone number (800) 888-4213. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency, TransUnion.

WebBank also obtained your FICO®08 credit score from TransUnion. Your FICO®08 credit score is a number that reflects the information in your consumer report. Your credit score can change, depending on how the information in your consumer report changes.

REDACTED

Your credit score:

Date: 03/07/2019

The FICO®08 credit score ranges from a low of 300 to a high of 850.

Key factors that adversely affected your credit score:

* Derogatory public record or collection filed
* Proportion of balances to credit limits is too high on bank revolving or other revolving accounts
* Length of time since derogatory public record or collection is too short
* Too few accounts currently paid as agreed

Please contact WebBank and Prosper at the address shown below if you have any questions about this letter:

WebBank
c/o Prosper Marketplace, Inc.
221 Main Street, Suite 300
San Francisco, CA 94105

Notice: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning WebBank is the Federal Deposit Insurance Corporation, FDIC Consumer Response Center, 1100 Walnut Street, Box #11, Kansas City, Missouri 64106 and concerning Prosper is the Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

Thank you,
Prosper

i
٠

Begin forwarded message:

[https://lendingpoint.my.salesforce.com/servlet/servlet.ImageServer?id=0150B0000062Mt7&oid=00DU
0000000LpAk]
March 7, 2019

Aaron Zarkowsky

Dear Madame or Sir:

You recently submitted a request to Crowdnectic ("Referring Source") to see potential consumer loan
options. At your instruction, the Referring Source sent your request to potential creditor(s) to determine
if you qualify for a loan. FinWise Bank is one the creditors that received your request and we are
LendingPoint LLC, a servicing agent for FinWise Bank.

After carefully reviewing your application, we are sorry to advise you that we cannot grant a loan to you
at this time. If you would like to know the specific reasons why your application was denied, please
contact our Customer Service Department shown below within 60 days of the date of this letter. We will
provide you with the statement of reasons within 30 days after receiving your request.

FinWise Bank
c/o LendingPoint LLC
Attn: Customer Service Department
1201 Roberts Blvd., Suite 200
Kennesaw, GA 30144
Telephone number: 844-885-8713

If we obtained or attempted to obtain information from a consumer reporting agency as part of our
consideration of your application, its name, address, and toll-free telephone number is shown below.
The reporting agency played no part in our decision and is unable to supply specific reasons why we
have denied credit to you. You have a right under the Fair Credit Reporting Act to know the information
contained in your credit file at the consumer reporting agency. You have a right to a free copy of your
report from the reporting agency, if you request it no later than 60 days after you receive this notice. In
addition, if you find that any information contained in the report you received is inaccurate or
incomplete, you have the right to dispute the matter with the reporting agency. You can find out about
the information contained in your file by contacting:

EXPERIAN
PO Box 2002

REDACTED

ALLEN, TX 75013


Telephone number: (888) 397-3742

We also obtained or attempted to obtain your credit score from the consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your consumer report. Your credit score can change, depending on how the information in your consumer report changes.

_ _ If this box is checked, we attempted to obtain your credit score, but no score was provided.

Your Credit Score:
Date: March 7, 2019
Scores range from a low of 300 to a high of 850.

Key factors that adversely affected your credit score:

Derogatory public record or collection filed
Ratio of balance to limit on bank revolving or other rev accts too high
Too many accounts with balances
Proportion of loan balances to loan amounts is too high
TOO MANY INQUIRIES

_ _ If this box is checked, we were not provided any key adverse credit factors.

If you have any questions regarding your credit score, you should contact Experian at:

Address: EXPERIAN
PO Box 2002
ALLEN, TX 75013


Telephone number: (888) 397-3742

Our credit decision was not based in whole or in part on information obtained from an affiliate or from an outside source other than a consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to make a written request, no later than 60 days after you receive this notice, for disclosure of the nature of this information.

Sincerely,

FinWise Bank
c/o LendingPoint, LLC


Notice: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is: FDIC Consumer Response Center, 1100 Walnut Street, Box #11,

Kansas City, MO 64106.

**EXHIBIT C**

REDACTED

**From:** "Sandra Eiger via DocuSign" <<u>dse@docusign.net</u>>
**Date:** March 11, 2019 at 12:00:20 PM CDT
**To:** "Aaron Zarkowsky" ███████████████
**Subject: Loan Agreement for** ████████████
**Reply-To:** "Sandra Eiger" <<u>seiger@freedomplus.com</u>>





**Sandra Eiger**
<u>seiger@freedomplus.com</u>

I am sending you this request for your electronic signature, please review and electronically sign by following the link below.

Powered by **Docu**Sign,

1

REDACTED

**Do Not Share This Email**
This email contains a secure link to DocuSign. Please do not share this email, link, or access code with others.

**Alternate Signing Method**
Visit DocuSign.com, click 'Access Documents', and enter the security code:

**About DocuSign**
Sign documents electronically in just minutes. It's safe, secure, and legally binding. Whether you're in an office, at home, on-the-go -- or even across the globe -- DocuSign provides a professional trusted solution for Digital Transaction Management™.

**Questions about the Document?**
If you need to modify the document or have questions about the details in the document, please reach out to the sender by emailing them directly.

If you are having trouble signing the document, please visit the Help with Signing page on our Support Center.

Download the DocuSign App

This message was sent to you by Sandra Eiger who is using the DocuSign Electronic Signature Service. If you would rather not receive email from this sender you may contact the sender with your request.

**<u>EXHIBIT D</u>**

Aaron B. Zarkowsky

April 18, 2019

Via fax
LendingClub Corporation
Dept. 34268
P.O. Box 39000
San Francisco, CA 94139
Fax: 415-276-6323

> Re:  Account ▮▮▮▮▮▮▮▮

To Whom it May Concern:

I understand that Lending Club claims I have an account. I dispute having agreed to any account with Lending Club and believe that I am the victim of fraud or identity theft. We will not make any further payments on this alleged account.

Please provide me with copies of all applications, loan documents, disclosures and other statements, and papers and documents with respect to the above referenced account. This request includes all items allegedly signed or acknowledged with respect to the account, whether manually or electronically. Each copy should be a full and complete document, including any pages or documents that may only be accessed by hotlink or other additional method. The requests set forth in this letter should not be deemed to be an admission, express or implicit, of the accuracy or completeness of the information to be provided by you, including whether a loan was provided by you or accepted by me.

All documents in hard copy should be provided to the address above, and a full set of the same documents to the following email address: ▮▮▮▮▮▮▮▮▮▮▮▮

If you have any questions, please do not hesitate to contact me.

Sincerely,

Aaron B. Zarkowsky

Cc:  Richard H. Neiman (Email: rneiman@lendingclub.com) // Fax: 202-772-3101
     1050 Connecticut Avenue, NW, 10th Floor
     Washington, DC 20036

**<u>EXHIBIT E</u>**

REDACTED

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
## 20 South Clark Street, Suite 1500
### Chicago, IL 60603-1824
### (312) 739-4200
### (800) 644-4673
### (312) 419-0379 (FAX)
### Email: info@edcombs.com
### www.edcombs.com
### May 2, 2019

CERTIFIED AND REGULAR
MAIL

CERTIFIED AND REGULAR
MAIL

Equifax Information Services, LLC
P.O. Box 105069
Atlanta, GA 30348

Trans Union
Consumer Disclosure Center
P.O. Box 900
Woodlyn, PA 19094

CERTIFIED AND REGULAR
MAIL

Experian
701 Experian Pkwy.
P.O. Box 4500
Allen, TX 75013

Re:   Aaron B. Zarkowsky, █████████████████
      IL 60089, SSN ████████████

Ladies/ Gentlemen:

We believe that you may be reporting a debt allegedly owed by our above client to Lending Club with an account number ████████

This debt is not that of our client. It is the result of identity theft. Our client does not have an account with Lending Club.

Lending Club has been asked to provide any documents relating to the

origination of this alleged account with our client's signature. Nothing has been provided.

Please respond within 30 days and send a corrected credit report showing deletion of this item. Our client's authorization for the release of credit information is enclosed.

Sincerely yours,

Daniel A. Edelman

cc:    client

Lending Club Corporation, Dept. 34268, PO Box 39000, San Francisco, CA 94139

REDACTED

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
## 20 South Clark Street, Suite 1500
## Chicago, Illinois  60603
## (312) 739-4200
## (800) 644-4673
## (312) 419-0379 (FAX)
## Email:  info@edcombs.com
## Website:  www.edcombs.com

### **AUTHORIZATION**

**Aaron Zarkowsky** hereby authorizes **Edelman, Combs, Latturner & Goodwin, LLC** to obtain credit reports and information for the purpose of attempting to correct or remove erroneous information from them.

_____

**Aaron Zarkowsky**

_____

**Address**

Buffalo Grove, Illinois 60089

_____

**City, State and Zip Code**

_____

Social Security Number

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To *Equifax Info Serv.*
Street, Apt. No.; or PO Box No. *PO Box 105069*
City, State, ZIP+4 *Atlanta GA 30348*

PS Form 3800, June 2002     See Reverse for Instructions

7004 1160 0002 2552 1481

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To *Experian*
Street, Apt. No.; or PO Box No. *701 Experian Pkwy, PO Box 4700D*
City, State, ZIP+4 *Allen TX 75013*

PS Form 3800, June 2002     See Reverse for Instructions

7004 1160 0002 2552 1505

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To *TransUnion Consumer Disclosure*
Street, Apt. No.; or PO Box No. *PO Box 900*
City, State, ZIP+4 *Woodlyn PA 19094*

PS Form 3800, June 2002     See Reverse for Instructions

7004 1160 0002 2552 1499

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Kevin Carvatt
☐ Agent
☐ Addressee

B. Received by (Printed Name)  MAY 0 6 2019
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

1. Article Addressed to:

Equifax Information Services LLC
P.O. Box 105069
Atlanta, GA 30348

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)  7004 1160 0002 2552 1482

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
EXPERIAN
701 EXPERIAN PARKWAY
MAY 0 7 2019
☐ Agent
☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No
Jane M. Swanson

1. Article Addressed to:

Experian
701 Experian Pkwy.
P.O. Box 4500
Allen, TX 75013

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)  7004 1160 0002 2552 1505

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  TransUnion LLC
MAY 0 6 2019
☐ Agent
☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

1. Article Addressed to:

Trans Union
Consumer Disclosure Center
P.O. Box 900
Woodlyn, PA 19094

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)  7004 1160 0002 2552 1499

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540

**<u>EXHIBIT F</u>**

REDACTED

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
**20 South Clark Street, Suite 1500**
**Chicago, IL 60603-1824**
**(312) 739-4200**
**(800) 644-4673**
**(312) 419-0379 (FAX)**
**Email: info@edcombs.com**
**www.edcombs.com**
**May 6, 2019**

Equifax Information Services, LLC
P.O. Box 105069
Atlanta, GA 30348

Trans Union
Consumer Disclosure Center
P.O. Box 900
Woodlyn, PA 19094

Experian
701 Experian Pkwy.
P.O. Box 4500
Allen, TX 75013

Re:  Aaron B. Zarkowsky, ███████████, Buffalo Grove,
IL 60089, SSN ██████████

Ladies/ Gentlemen:

Enclosed is an ID theft affidavit relating to my letter of May 2, 2019.

Sincerely yours,

Daniel A. Edelman

cc:   client

Lending Club Corporation, Dept. 34268, PO Box 39000, San Francisco,
CA 94139

Federal Trade Commission (consumer complaints), 600 Pennsylvania
Avenue, NW, Washington, DC 20580

REDACTED

# IDENTITY THEFT AFFIDAVIT
## *PART I - Victim Information*

1. My full legal name is    Aaron B. Zarkowsky

      (First)      (Middle)      (Last)      (Jr., Sr., III)

2. I have/have not used any other names during the last two year period. (If so, please state name(s) used).

_____

(First)      (Middle)      (Last)      (Jr., Sr., III)

3. My date of birth is ___[REDACTED]___

      (month/day/year)

4. My Social Security number is ___[REDACTED]___

5. My driver's license or state identification card number is ___[REDACTED]___

6. My current address is ___[REDACTED]___

    City __Buffalo Grove__      State __IL__      Zip Code __60089__

7. I have lived at this address since __2002__

8. My previous address was ___[REDACTED]___

    City __Lake Bluff__      State __IL__      Zip Code __60044__

9. I lived at my previous address from __approx 1998__ to __2002__.

10. My daytime telephone number is ( ___[REDACTED]___ )

11. My evening telephone number is ( ___[REDACTED]___ )

### PART II - How the Fraud Occurred
#### Check all that apply for items 12 -17:

12. ☒ I did not authorize anyone to use my name or personal information to seek the money, credit, loans, goods or services described in this report.

13. ☐ I did not receive any benefit, money, goods or services as a result of the events described in this report.

14. ☐ My identification documents (for example, credit cards; birth certificate; driver's license; Social Security card; etc.) were
☐ stolen ☐ lost on or about _____
(month/day/year)

15. ☐ To the best of my knowledge and belief, the following person(s) used my information (for example, my name, address, date of birth, existing account numbers, Social Security number, mother's maiden name, etc. ) or identification documents to get money, credit, loans, goods or services without my knowledge or authorization:

_____          _____
Name (if known)                                    Name (if known)

_____          _____
Address (if known)                                  Address (if known

_____          _____

_____          _____
Phone number(s) (if known)                   Phone number(s) (if known)

_____          _____
Additional information (if known)             Additional information (if known)

_____          _____

16. ☒ I do NOT know who used my information or identification documents to get money, credit, loans, goods or services without my knowledge or authorization.

17. ☒ Additional comments: (For example, description of the fraud, which documents or information were used or how the identity thief gained access to your information.)

see attached
_____

_____

On or about March 7 or March 8, 2019, my wife and I utilized an online portal to apply for a credit card consolidation loan based on a written, mailed offer. As part of the application process, the portal requested, and we provided, the credit cards that we wished to pay off, the credit card account numbers, and the requested payoff amounts. As part of the process, the portal requested identity confirmation by providing bank account information. After the confirmation, we proceeded through the portal and ultimately reached a screen that indicated that we were denied for the product we applied for.

After the denial, the next screen was a list of a number of alternative lenders that may be willing to provide the credit requested and we picked the next best option. That creditor was Freedom Plus. After selecting Freedom Plus from the list of options, a representative from Freedom Plus contacted us by phone and ultimately we went through a traditional loan approval process which included an application, various confirmations through a docusign account and delivery of a blank check to provide for payment debits. We provided them a list of the credit cards we wanted to pay as part of the written application process.

Upon our direction, Freedom Plus paid our three credit cards, Barclay, Citibank and Discover, on or about March 14, 2019. Approximately March 18, 2019 a second payment was received by the same three referenced credit card companies. We promptly contacted Freedom Plus to determine if they made an accidental double payment and after investigation they confirmed that they did not. We requested that the credit card companies send us the over-payments (which they would have done so without direction after a default hold period).

On or about April 15, 2019 we noticed that LendingClub auto debited our checking amount in the approximate amount of $814.00. This was our first contact with LendingClub. We immediately called LendingClub to determine why they withdrew the funds. The representative from LendingClub confirmed that an account was established in my name and informed me that since we were past the three day rescission period, I could not unwind this financing and return the funds without still being obligated for the loan origination fee and the accrued interest.

At no time did we receive any electronic or written communication from LendingClub. At no time did we accept any terms and conditions from LendingClub. At no time did we agree to an auto debit payment plan with LendingClub. While we have discovered the account number, we have yet, even subsequent to written demand to LendingClub, received any written or electronic information with respect to the alleged loan.

Whether of any evidentiary value, the loan product described to us in my calls with LendingClub (which has still not been evidenced in writing) is for a lower rate and lower monthly payment than we accepted from Freedom Plus. It defies logic that I would accept a loan from a second creditor at a higher rate and higher monthly payment if I already received financing at a lower rate and lower monthly payment.

We are ready, willing, and able to return the funds purported to be owed to LendingClub, but as we did not accept terms and conditions from them we refuse to pay any loan fee or any accrued interest.

_____
_____
_____
_____
_____
_____
_____
_____

(Attach additional pages as necessary)

### *PART III - Victim's Law Enforcement Actions*

18. (check one) I ☒ am ☐ am not willing to assist in the prosecution of the person(s) who committed this fraud.

19. (check one) I ☒ am ☐ am not authorizing the release of this information to law enforcement for the purpose of assisting them in the investigation and the prosecution of the person(s) who committed this fraud.

20. (check all that apply) I ☐ have ☒ have not reported the events described in this

affidavit to the police or other law enforcement agencies. The police ☐ did ☐ did not write a report.

In the event you have contacted the police or other law enforcement agency, please complete the following:

(Agency # 1) _____        (Officer/Agency personnel taking report) _____

(Date of report) _____        (Report Number, if any) _____

(Phone number) _____        (e-mail address, if any) _____

(Agency # 2) _____        (Officer/Agency personnel taking report) _____

(Date of report) _____        (Report Number, if any) _____

Phone number) _____        (e-mail address, if any) _____

REDACTED

## **PART IV - Documentation Checklist**

Please identify the supporting documentation you are able to provide to the companies you plan to notify. Attach copies (**NOT** originals) to the affidavit before sending it to the companies.

21.    ☐    A copy of a valid government-issued photo-identification card (for example, your driver's license, state-issued ID card or your passport). If you are under 16 and don't have a photo-ID, you may submit a copy of your birth certificate or a copy of your official school records showing your enrollment and place of residence.

22.    ☐    Proof of residency during the time the disputed bill occurred, the loan was made or the other event took place (for example, a rental/lease agreement in your name, a copy of a utility bill or a copy of an insurance bill).

23.    ☐    A copy of the report you filed with the police department. If you are unable to obtain a report number from the police, please indicate that in Paragraph 20, above. Some companies only need the report number, not a copy of the report. You may want to check with each company.

## **PART V - Signature**

I declare under penalty of perjury that the information I have provided in this affidavit is true and correct to the best of my knowledge.

| ██████████████ | 5/3/2019 |
| --- | --- |
| (Signature) | (Date Signed) |

_____
(Notary Public)
(Check with each creditor - not everyone requires notarization)

| _____ | _____ |
| --- | --- |
| (Witness) | (Printed Name) |

| _____ | _____ |
| --- | --- |
| (Date) | (Telephone) |